## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **Square One Development Group, Inc.** ) | |
| ) | |
| **And** ) | |
| ) | |
| **Joseph Ricchio and Linda Ricchio,** ) | |
| ) | |
| **And** ) | |
| ) | |
| **Roy Jezak,** ) | |
| ) | |
| **And** ) | |
| ) | |
| **Darlene Merrill,** ) | |
| ) | |
| **And** ) | |
| ) | |
| **Vincent Trubiani and Charlotte Trubiani,** ) | |
| ) | |
| **And** ) | |
| ) | |
| **Alfred Wilson and Barbara Wilson,** ) | |
| ) | |
| **And** ) | |
| ) | |
| **Karl Hasel and Janice Johnson** ) | |
| ) | |
| **And** ) | |
| ) **CASE NO. _____** | |
| **Aline Smith,** ) | |
| ) | |
| **And** ) | |
| ) **DIV: _____** | |
| **Edgar Fritz and Delores Fritz,** ) | |
| ) | |
| **And** ) | |
| ) | |
| **Karen Beitler,** ) | |
| ) | |
| **And** ) | |
| ) | |
| **John Wood and Cheryl Wood,** ) | |
| ) | |
| **And** ) | |
| ) | |
| **Andre Wooster and Jeanne Wooster,** ) | |
| ) | |

1

| | |
|---|---|
| And | ) |
| | ) |
| Sebastian Zappulla, | ) |
| | ) |
| Petitioners, | ) |
| | ) |
| vs. | ) |
| | ) |
| InnSeason Vacation Club, LLC, | ) |
| | ) |
| And | ) |
| | ) |
| InnSeason Management, Inc., | ) |
| | ) |
| And | ) |
| | ) |
| Curran Management Services, Inc., | ) |
| | ) |
| And | ) |
| | ) |
| KWC Marketing, LLC | ) |
| | ) |
| Serve R/A: Donald Burnham C/O ECKERT | ) |
| SEAMANS, CHERIN & MELLOTT, LLC | ) |
| ONE INTERNATIONAL PLACE | ) |
| 18TH FLOOR | ) |
| BOSTON,  MA  02110 | ) |
| | ) |
| Respondents. | ) |

## PETITON TO DECLARE RIGHTS

**Comes Now,** Petitioners, by and through their attorney of record, Michael Sokolik, and pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, bring their ***Petition to Declare Rights***, stating as follows:

## THE PARTIES

1. Petitioner Square One Development Group, Inc., d/b/a Square One ("Square One") is a corporation organized and existing under the laws of the State of Missouri with a principal place of business and domiciled at 1610 Des Peres Rd, Ste 150, Des Peres, MO 63131.

2. Petitioner Joseph and Linda Ricchio ("Ricchio") are individuals domiciled in Cumberland County, Maine located at 15 Northwood Rd., Yarmouth, ME 04096.

3.  Petitioner Roy Jezak and Linda Jezak ("Jezak") are individuals domiciled in Middlesex County, Massachusetts located at 755 Broadway Rd Dracut, MA 01826.

4.  Petitioner Darlene Merrill ("Merrill") is an individual domiciled in Cumberland County, Maine located at 5 Clifton Road Falmouth, ME 04105.

5.  Petitioner Vincent Trubiani and Charlotte Trubiani ("Trubiani") are individuals domiciled in Norfolk County, Massachusetts located at 718 Halsey Ave., Wellesley, MA        02842.

6.  Petitioner Alfred Wilson and Barbara Wilson ("Wilson") are individuals domiciled in York County, Maine located at 79 Country Way, Lyman, ME 04002.

7.  Petitioner Karl Hasel and Janice Johnson ("Hasel-Johnson") are individuals domiciled in Hartford County, Connecticut located at 201 Shallow Brook Lane, Manchester, CT 06040.

8.  Petitioner Aline Smith ("Smith") is an individual domiciled in Middlesex County, Massachusetts located at 92 Elise St # 2, Everett, MA 02149.

9.  Petitioner Edgar Fritz and Delores Fritz ("Fritz") are individuals domiciled in Rockingham County, New Hampshire located at 50 Shore Dr Northwood, NH 63261.

10. Petitioner Karen Beitler ("Beitler") is an individual domiciled in New Haven County, Connecticut located at 991 South Meriden Road Cheshire, CT 06410.

11. Petitioner John Wood and Cheryl Wood ("Wood") are individuals domiciled in Belknap County, New Hampshire, located at 99 Georgetown Drive Center, Barnstead, NH 03225.

12. Petitioner Andre Wooster and Jeanne Wooster ("Wooster") are individuals domiciled in York County, SC, located at 2019 Felts Pkwy Fort Mill, SC 29715.

13. Petitioner Sebastian Zappulla ("Zappulla") is an individual domiciled in Hartford County, Connecticut located at 61 Crooked Brook Lane, Berlin, CT 06037.

14. Respondent InnSeason Vacation Club, LLC is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business

located at 212 Mid Tech Drive, West Yarmouth, Massachusetts 02673. InnSeason Vacation Club does business throughout the United States, and in this District.

15. Respondent Curran Management Services, Inc. is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business located at 212 Mid Tech Drive, West Yarmouth, Massachusetts 02673. Curran Management Services does business throughout the United States, and in this District.

16. Respondent InnSeason Management, Inc. is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business located at 212 Mid Tech Drive, West Yarmouth, Massachusetts 02673. InnSeason Management, Inc. does business throughout the United States, and in this District.

17. Respondent KWC Marketing, LLC is a limited liability company organized and existing under the laws of the State of New Hampshire with its principal place of business located at 17 Olde English Lane, Gilford, New Hampshire 03246. KWC Marketing does business as Northeast Getaways (northeastgetaways.com). KWC Marketing does business throughout the United States, and in this District.

18. Respondents InnSeason Vacation Club, InnSeason Management, and Curran Management Services are closely interrelated companies, who share a principal place of business and numerous executives, and together, along with other non-party entities, comprise InnSeason Resorts. Likewise, InnSeason Resorts' promotional material lists KWC Marketing and Northeast Getaways as one of its "Other Companies."[1] InnSeason Resorts self-describes itself as "a regional brand of fun-filled, family-oriented vacation resorts that combine the brand expertise of Curran Management Services and its founder, William E. "Billy" Curran, CEO, and the development and operations expertise of Dennis M.

[1] www.innseason.com/isr/PDF/VC_Book_2016_web.pdf

Ducharme, RRP, President. With locations stretching from the beaches of Cape Cod and coastal Maine, to the mountains of New Hampshire and Western Maine, InnSeason Resorts is unquestionably one of the Northeast's premier resort development companies." InnSeason Resorts additionally offers several levels of timeshare ownership, including the "InnSeason Vacation Club."

## NATURE OF THE CASE

19. This case arises from Petitioner Square One sending to Respondent a Limited Notarized Power of Attorney and a request to surrender to Respondent Innseason.

20. Respondent Innseason promptly communicated to Petitioner Square One that Respondent Innseason would not recognize the Limited Power of Attorney provided to them by Square One.

21. Petitioner Square One requested that Respondent Innseason put Innseason's denial in writing.

22. Respondent Innseason generally declined put the denial in writing for Petitioner's customers and they continued in their refusal to recognize the Limited Power of Attorney, however Respondent did send an email on or about June 7, 2019 to one of Petitioner's customers and said that the "HOA doesn't accept POA's". (herewith attached as Exhibit A).

23. Petitioners are unable to fulfill their mutual contract, unable to recover the moneys paid to Respondent Innseason, obligated for continuing maintenance fees, and unable to realize the economic value the timeshare property.

## THE CONTROVERSY- Joseph and Linda Ricchio

24. On or about June 2019, Petitioner "Ricchio" entered into an agreement with Petitioner "Square One" to help them with their timeshare obligation with Respondent Innseason.

25. Upon information and belief Respondents currently own, leases, and collects rents located at INNSEASON Resort located at 639 Main St., Ogunquit, Massachusetts 02673.

26. On or about September 2019, Petitioner Square One sent to Respondent a Limited Notarized Power of Attorney (herewith attached as Exhibit B) and followed up on October 1, 2019 with a request to surrender the Ricchio's interest in Innseason (herewith attached as Exhibit C).

27. Respondent Innseason promptly communicated to Petitioner Square One that Respondent Innseason would not recognize the Limited Power of Attorney provided to them by the Ricchio's and Square One.

28. Petitioner Square One requested that Respondent Innseason put Innseason's denial in writing.

29. Respondent Innseason declined to do so but continued in their refusal to recognize the Limited Power of Attorney the Ricchio's had granted to Square One.

30. Petitioner Ricchio and Petitioner Square One are unable to fulfill their mutual contract, unable to recover the moneys paid to Respondent Innseason, obligated for continuing maintenance fees, and unable to realize the economic value the timeshare property.

31. The value of Petitioner Ricchio's and Petitioner Square One's interests in the controversy exceed an amount greater than $75,000.00.

32. A case in controversy exist between the Petitioners and Respondent Innseason.

**THE CONTROVERSY- Roy and Linda Jezak**

33. On or about August 2019, Petitioner "Jezak" entered into an agreement with Petitioner "Square One" to help them with their timeshare obligation with Respondent Innseason.

34. Upon information and belief Respondents currently own, leases, and collects rents located at INNSEASON Resort located at 639 Main St., Ogunquit, Massachusetts 02673.

35. On or about November 8, 2019, Petitioner Square One sent to Respondent a Limited Notarized Power of Attorney with a request to surrender the Jezak's interest in Innseason (herewith attached as Exhibit D).

36. Respondent Innseason promptly communicated to Petitioner Square One that Respondent Innseason would not recognize the Limited Power of Attorney provided to them by the Jezak's and Square One.

37. Petitioner Square One requested that Respondent Innseason put Innseason's denial in writing.

38. Respondent Innseason declined to do so but continued in their refusal to recognize the Limited Power of Attorney the Jezak's had granted to Square One.

39. Petitioner Jezak and Petitioner Square One are unable to fulfill their mutual contract, unable to recover the moneys paid to Respondent Innseason, obligated for continuing maintenance fees, and unable to realize the economic value the timeshare property.

40. The value of Petitioner Jezak's and Petitioner Square One's interests in the controversy exceed an amount greater than $75,000.00.

41. A case in controversy exist between the Petitioners and Respondent Innseason.

**THE CONTROVERSY- Darlene Merrill**

42. On or about June 2019, Petitioner "Merrill" entered into an agreement with Petitioner "Square One" to help them with their timeshare obligation with Respondent InnSeason.

43. Upon information and belief Respondents currently own, leases, and collects rents located at INNSEASON Resort located at 33 Brookline Road, Lincoln, NH 03251.

44. On or about September 30, 2019, Petitioner Square One sent to Respondent a Limited Notarized Power of Attorney (herewith attached as Exhibit E) with a request to surrender the Merrill's interest in Innseason.

45. Respondent Innseason promptly communicated to Petitioner Square One that Respondent Innseason would not recognize the Limited Power of Attorney provided to them by the Merrill's and Square One (herewith attached as Exhibit F).

46. Petitioner Square One requested that Respondent Innseason put Innseason's denial in writing.

47. Respondent Innseason declined to do so but continued in their refusal to recognize the Limited Power of Attorney the Merrill's had granted to Square One.

48. Petitioner Merrill and Petitioner Square One are unable to fulfill their mutual contract, unable to recover the moneys paid to Respondent Innseason, obligated for continuing maintenance fees, and unable to realize the economic value the timeshare property.

49. The value of Petitioner Merrill's and Petitioner Square One's interests in the controversy exceed an amount greater than $75,000.00.

50. A case in controversy exist between the Petitioners and Respondent Innseason.

**THE CONTROVERSY- Vincent Trubiani and Charlotte Trubiani**

51. On or about June 2019, Petitioner "Trubiani" entered into an agreement with Petitioner "Square One" to help them with their timeshare obligation with Respondent Innseason.

52. Upon information and belief Respondents currently own, leases, and collects rents located at INNSEASON Resort located at 33 Brookline Road, Lincoln, NH 03251.

53. On or about January 2020, Petitioner Square One sent to Respondent a Limited Notarized Power of Attorney (herewith attached as Exhibit G) with a request to surrender the Trubiani's interest in Innseason.

54. Respondent Innseason did not respond thereby communicating to Petitioner Square One that Respondent Innseason would not recognize the Limited Power of Attorney provided to them by the Trubiani's and Square One.

55. Petitioner Square One requested that Respondent Innseason put Innseason's denial in writing.

56. Respondent Innseason declined to do so but continued in their refusal to recognize the Limited Power of Attorney the Trubiani's had granted to Square One.

57. Petitioner Trubiani and Petitioner Square One are unable to fulfill their mutual contract, unable to recover the moneys paid to Respondent Innseason, obligated for continuing maintenance fees, and unable to realize the economic value the timeshare property.

58. The value of Petitioner Trubiani's and Petitioner Square One's interests in the controversy exceed an amount greater than $75,000.00.

A case in controversy exist between the Petitioners and Respondent Innseason.

## **THE CONTROVERSY- Alfred Wilson and Barbara Wilson**

59. On or about June 2019, Petitioner "Wilson" entered into an agreement with Petitioner "Square One" to help them with their timeshare obligation with Respondent Innseason.

60. Upon information and belief Respondents currently own, leases, and collects rents located at INNSEASON Vacation Club, LLC located at 212 Mid Tech Drive, West Yarmouth, MA 02673.

61. On or about September 30, 2019, Petitioner Square One sent to Respondent Cease and Desist along with a Limited Notarized Power of Attorney (herewith attached as Exhibit H) with a request to surrender the Wilson's interest in Innseason.

62. Respondent Innseason promptly communicated to Petitioner Square One that Respondent Innseason would not recognize the Limited Power of Attorney provided to them by the Wilson's and Square One (herewith attached as Exhibit I).

63. Petitioner Square One requested that Respondent Innseason put Innseason's denial in writing.

64. Respondent Innseason declined to do so but continued in their refusal to recognize the Limited Power of Attorney the Wilson's had granted to Square One.

65. Petitioner Wilson and Petitioner Square One are unable to fulfill their mutual contract, unable to recover the moneys paid to Respondent Innseason, obligated for continuing maintenance fees, and unable to realize the economic value the timeshare property.

66. The value of Petitioner Wilson's and Petitioner Square One's interests in the controversy exceed an amount greater than $75,000.00.

67. A case in controversy exist between the Petitioners and Respondent Innseason.

## **THE CONTROVERSY- Karl Hasel and Janice Johnson**

68. On or about August 2019, Petitioner "Hasel-Johnson" entered into an agreement with Petitioner "Square One" to help them with their timeshare obligation with Respondent Innseason.

69. Upon information and belief Respondents currently own, leases, and collects rents located at INNSEASON Vacation Club, LLC located at 212 Mid Tech Drive, West Yarmouth, MA 02673.

70. On or about September 30, 2019, Petitioner Square One sent to Respondent Cease and Desist along with a Limited Notarized Power of Attorney (herewith attached as Exhibit J) with a request to surrender the Hasel-Johnson's interest in Innseason.

71. Respondent Innseason promptly communicated to Petitioner Square One that Respondent Innseason would not recognize the Limited Power of Attorney provided to them by the Hasel-Johnson's and Square One (herewith attached as Exhibit K).

72. Petitioner Square One requested that Respondent Innseason put Innseason's denial in writing.

73. Respondent Innseason declined to do so but continued in their refusal to recognize the Limited Power of Attorney the Hasel-Johnson's had granted to Square One.

74. Petitioner Hasel-Johnson and Petitioner Square One are unable to fulfill their mutual contract, unable to recover the moneys paid to Respondent Innseason, obligated for continuing maintenance fees, and unable to realize the economic value the timeshare property.

75. The value of Petitioner Hasel-Johnson's and Petitioner Square One interests in the controversy exceed an amount greater than $75,000.00.

76. A case in controversy exist between the Petitioners and Respondent Innseason.

<u>**THE CONTROVERSY-**</u> **Aline Smith**

77. On or about August 2019, Petitioner "Smith" entered into an agreement with Petitioner "Square One" to help them with their timeshare obligation with Respondent Innseason.

78. Upon information and belief Respondents currently own, leases, and collects rents located at INNSEASON Vacation Club, LLC located at 134 Menauhant Road, East Falmouth, MA 02536.

79. On or about November 12, 2019, Petitioner Square One sent a Limited Notarized Power of Attorney, Estoppel request (herewith attached as Exhibit L) with a request to surrender the Smith's interest in Innseason.

80. Respondent Innseason promptly communicated to Petitioner Square One that Respondent Innseason would not recognize the Limited Power of Attorney provided to them by the Smith's and Square One (herewith attached as Exhibit M).

81. Petitioner Square One requested that Respondent Innseason put Innseason's denial in writing.

82. Respondent Innseason declined to do so but continued in their refusal to recognize the Limited Power of Attorney the Smith's had granted to Square One.

83. Petitioner Smith and Petitioner Square One are unable to fulfill their mutual contract, unable to recover the moneys paid to Respondent Innseason, obligated for continuing maintenance fees, and unable to realize the economic value the timeshare property.

84. The value of Petitioner Smith's and Petitioner Square One's interests in the controversy exceed an amount greater than $75,000.00.

85. A case in controversy exist between the Petitioners and Respondent Innseason.

### THE CONTROVERSY- Edgar Fritz and Delores Fritz

86. On or about April 2019, Petitioner "Fritz" entered into an agreement with Petitioner "Square One" to help them with their timeshare obligation with Respondent Innseason.

87. Upon information and belief Respondents currently own, leases, and collects rents located at INNSEASON Resorts Harborwalk, located at 26 Robbins Road, Falmouth, MA 02540.

88. On or about November 2019, Petitioner Square One sent to Respondent Cease and Desist along with a Limited Notarized Power of Attorney (herewith attached as Exhibit N) with a request to surrender the Fritz's interest in Innseason.

89. On or about November 25, 2019, Respondent Innseason communicated to Petitioner Square One that Respondent Innseason would not recognize the Limited Power of Attorney provided to them by the Fritz's and Square One (herewith attached as Exhibit O).

90. On or about December 2019, Petitioner Square One sent one last request to Respondent InnSeason requesting surrender (herewith attached as Exhibit P), which Petitioner received no response.

91. Respondent Innseason continued in their refusal to recognize the Limited Power of Attorney the Fritz's had granted to Square One.

92. Petitioner Fritz and Petitioner Square One are unable to fulfill their mutual contract, unable to recover the moneys paid to Respondent Innseason, obligated for continuing maintenance fees, and unable to realize the economic value the timeshare property.

93. The value of Petitioner Fritz's and Petitioner Square One's interests in the controversy exceed an amount greater than $75,000.00.

94. A case in controversy exist between the Petitioners and Respondent Innseason.

### THE CONTROVERSY- Karen Beitler

95. On or about April 2019, Petitioner "Beitler" entered into an agreement with Petitioner "Square One" to help them with their timeshare obligation with Respondent Innseason.

96. Upon information and belief Respondents currently own, leases, and collects rents located at INNSEASON Resorts Captain's Quarters, located at 241 Grand Avenue Falmouth, MA 02536.

97. Petitioner Square One did not send to Respondent Cease and Desist along with a Limited Notarized Power of Attorney with a request to surrender the Beitler's interest in Innseason.

98. For each customer, Respondent Innseason had promptly communicated to Petitioner Square One that Respondent Innseason would not recognize the Limited Power of Attorney provided to them by Square One.

99. In all prior communications, Petitioner Square One requested that Respondent Innseason put Innseason's denial in writing.

100. Respondent Innseason declined to do so but continued in their refusal to recognize the Limited Power of Attorney the Beitler's had granted to Square One.

101. Petitioner Beitler and Petitioner Square One are unable to fulfill their mutual contract, unable to recover the moneys paid to Respondent Innseason, obligated for continuing maintenance fees, and unable to realize the economic value the timeshare property.

102. The value of Petitioner Beitler's and Petitioner Square One's interests in the controversy exceed an amount greater than $75,000.00.

103. A case in controversy exist between the Petitioners and Respondent Innseason.

## THE CONTROVERSY- John Wood and Cheryl Wood

104. On or about November 2019, Petitioner "Wood" entered into an agreement with Petitioner "Square One" to help them with their timeshare obligation with Respondent Innseason.

105. Upon information and belief Respondents currently own, leases, and collects rents located at INNSEASON Resorts The Falls at Ogunquit, located at 639 Main St., Ogunquit, ME 03907.

106. Petitioner Square One did not send to Respondent Cease and Desist along with a Limited Notarized Power of Attorney with a request to surrender the Wood's interest in Innseason.

107. For each customer, Respondent Innseason promptly communicated to Petitioner Square One that Respondent Innseason would not recognize the Limited Power of Attorney provided to them by Square One.

108. In all prior communications, Petitioner Square One requested that Respondent Innseason put Innseason's denial in writing.

109. Respondent Innseason declined to do so but continued in their refusal to recognize any Limited Power of Attorney that had been granted to Square One.

110. Petitioner Wood and Petitioner Square One are unable to fulfill their mutual contract, unable to recover the moneys paid to Respondent Innseason, obligated for continuing maintenance fees, and unable to realize the economic value the timeshare property.

111. The value of Petitioner Wood's and Petitioner Square One's interests in the controversy exceed an amount greater than $75,000.00.

112. A case in controversy exist between the Petitioners and Respondent Innseason.

## THE CONTROVERSY- Andre Wooster and Jeanne Wooster

113. On or about February 2020, Petitioner "Wooster" entered into an agreement with Petitioner "Square One" to help them with their timeshare obligation with Respondent Innseason.

114. Upon information and belief Respondents currently own, leases, and collects rents located at INNSEASON Resorts 212 Mid Tech Dr, West Yarmouth, Massachusetts 02673.

115. Petitioner Square One did not send to Respondent Cease and Desist along with a Limited Notarized Power of Attorney with a request to surrender the Wooster's interest in Innseason.

116. For each customer, Respondent Innseason had promptly communicated to Petitioner Square One that Respondent Innseason would not recognize the Limited Power of Attorney provided to them by Square One

117. In all prior communications, Petitioner Square One requested that Respondent Innseason put Innseason's denial in writing.

118. Respondent Innseason continued in their refusal to recognize any Limited Power of Attorney that had been granted to Square One.

119. Petitioner Wooster and Petitioner Square One are unable to fulfill their mutual contract, unable to recover the moneys paid to Respondent Innseason, obligated for continuing maintenance fees, and unable to realize the economic value the timeshare property.

120. The value of Petitioner Wooster's and Petitioner Square One's interests in the controversy exceed an amount greater than $75,000.00.

121. A case in controversy exist between the Petitioners and Respondent Innseason.

**THE CONTROVERSY- Sebastian Zappulla**

122. On or about February 2020, Petitioner "Zappulla" entered into an agreement with Petitioner "Square One" to help them with their timeshare obligation with Respondent Innseason.

123. Upon information and belief Respondents currently own, leases, and collects rents located at INNSEASON Resorts The Falls at Ogunquit, located at 639 Main St., Ogunquit, ME 03907.

124.  Petitioner Square One did not send to Respondent Cease and Desist along with a Limited Notarized Power of Attorney with a request to surrender the Zappulla's interest in Innseason.

125.  For each customer, Respondent Innseason communicated to Petitioner Square One that Respondent Innseason would not recognize the Limited Power of Attorney provided to them by Square One

126.  In all prior communications, Petitioner Square One requested that Respondent Innseason put Innseason's denial in writing.

127.  Respondent Innseason continued in their refusal to recognize any Limited Power of Attorney that had been granted to Square One.

128.  Petitioner Zappulla and Petitioner Square One are unable to fulfill their mutual contract, unable to recover the moneys paid to Respondent Innseason, obligated for continuing maintenance fees, and unable to realize the economic value the timeshare property.

129.  The value of Petitioner Zappulla's and Petitioner Square One's interests in the controversy exceed an amount greater than $75,000.00.

130.  A case in controversy exist between the Petitioners and Respondent Innseason.

## JURISDICTION & VENUE

131.  The Court has subject matter jurisdiction over this civil case pursuant to 28 U.S.C. § 2201(a) which allows that:

"In a case of actual controversy within its jurisdiction … any court of the United States, upon the filing of an appropriate  pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought …"

132.  The Court has original jurisdiction over this civil case pursuant to 28 U.S.C. §1332 (a) which allows that:

"The district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States."

133. The amount in controversy is greater than $75,000.

134. The controversy is between citizens of different States.

135. The Court has venue in this civil case pursuant to 28 U.S.C. § 1391(b) which allows that:

"A civil action may be brought … (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred …"

136. A substantial part of the events, namely Square One seeking to utilize the Limited Power of Attorney, originated at the Square One offices in St. Louis County, Missouri, within the known boundaries of the United States District Court of the Eastern District of Missouri.

## COUNT I: DECLARATION OF RIGHTS

137. Petitioners incorporate by reference paragraphs 1 through 18 as if fully set forth and alleged in this paragraph 19.

138. Respondent Innseason, as a matter of law, must recognize and honor Petitioners Limited Power of Attorney to their designated agent Square One.

139. Petitioner Square One, as a matter of law as the agent named by the Petitioners has a right to present the Limited Power of Attorney to Respondent Innseason and be accorded all the rights, responsibilities, and duties of a validly appointed agent operating pursuant to a Limited Power of Attorney.

140. Respondent Innseason has a duty to accept and honor the Petitioners' Limited Power of Attorney and to conduct the Petitioners' business with agent Square One as set forth in the Limited Power of Attorney.

141. Respondent Innseason's refusal to recognize, honor, and conduct the Petitioners' business with agent Square One as set forth in the Limited Power of Attorney has necessitated this

Court declaration of the rights and legal relationships between the Petitioners and Respondent.

**WHEREFORE**, Petitioners pray the Court, pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, declare the Petitioners and Respondents corresponding rights, responsibilities, and duties to each other in regards to the Limited Power of Attorney the Petitioners Joseph Ricchio and Linda Ricchio, Roy Jezak, Darlene Merrill, Vincent Trubiani and Charlotte Trubiani, Alfred Wilson and Barbara Wilson, Karl Hasel and Janice Johnson, Aline Smith, Edgar Fritz and Delores Fritz, Karen Beitler, John Wood and Cheryl Wood, Andre Wooster and Jeanne Wooster, Sebastian Zappula granted agent Square One in regards to a certain time share interests with Innseason, and for such other and further relief in the premises as the Court deems just and proper.

Respectfully submitted,

SQUARE ONE DEVELOPMENT GROUP, INC.

By: **/s/Michael Sokolik**
Michael Sokolik #44057 MO
1610 Des Peres Road, Suite 150
St. Louis, MO 63131
314-686-4641 (Direct)
314-686-4618 (Main)
800-414-0563 (Toll-Free)
Michaels@squareonehelp.com (Email)

*Attorney for Petitioners Joseph Ricchio and Linda Ricchio, Roy Jezak, Darlene Merrill, Vincent Trubiani and Charlotte Trubiani, Alfred Wilson and Barbara Wilson, Karl Hasel and Janice Johnson, Aline Smith, Edgar Fritz and Delores Fritz, Karen Beitler, John Wood and Cheryl Wood, Andre Wooster and Jeanne Wooster, Sebastian Zappula and Square One*